No. 25-40689

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

In re: NELSON E. WILLIS,
Petitioner.

v.

Adam M. Aron,
Respondent

**On Petition From The Fifth Circuit Court Of Appeals Case No. 24-40585**

**EMERGENCY SUPPLEMENT TO PETITION FOR WRIT OF MANDAMUS**
**AND MOTION FOR IMMEDIATE STAY OF MANDATE AND SANCTIONS**

Filed pursuant to 28 U.S.C. § 1651(a) and Fifth Circuit Rule 21, seeking suspension of the mandate and all sanctions issued on November 18, 2025 in Case No. 24-40585.

Petitioner Nelson E. Willis submits this Emergency Supplement to his pending Petition for a Writ of Mandamus to prevent the imminent and unlawful issuance of the mandate in Willis v. Aron, No. 24-40585, presently set for November 25, 2025. This filing is necessary because:
(1) the panel issued a $500 sanction and filing bar on November 18, 2025 (Docs. 346 and 347) that prohibits Petitioner from filing any motion whatsoever in Case No. 24-40585, including motions to stay the mandate, correct the record, or preserve Supreme Court review;
(2) the panel simultaneously denied Petitioner's Motion for Reconsideration and Request for 90-Day Stay Pending Certiorari (Doc. 336), despite the fact that Doc. 336 contained a detailed draft Petition for a Writ of Certiorari at pages 4–19;
(3) the denial of Doc. 336, coupled with the imposition of sanctions, attempts to force the mandate through before Petitioner can finalize and file his certiorari petition; and

(4) the Fifth Circuit's actions materially obstruct Petitioner's ability to invoke Supreme Court jurisdiction under 28 U.S.C. § 1254 and Rule 13.

Petitioner incorporates Doc. 336 in full, including its attached draft Petition for Writ of Certiorari, as though fully set forth herein. That filing identifies substantial federal questions—concerning fraud on the court, structural due process violations, record falsification, suppression of certified evidence, TRCP 162 violations, and the misapplication of FRAP 40(d)(1)—that merit certiorari review. The panel's decision to deny Doc. 336 and simultaneously impose sanctions preventing any further filings demonstrates an intent to preclude Supreme Court review altogether.

The sanction order (Doc. 347) functions as a jurisdictional chokepoint: it bars Petitioner from filing even the motions necessary to preserve constitutional rights, correct the record, or halt the mandate. As a result, without immediate relief from this Court, the mandate will be issued by administrative force—not by lawful adjudication—and Petitioner's right to seek certiorari will be irreparably destroyed.

This Emergency Supplement seeks only the minimal relief required to preserve the Supreme Court's jurisdiction, Petitioner's access to the courts, and the integrity of the judicial process.

## I. NEW FACTS NECESSITATING EMERGENCY ACTION

On November 18, 2025, the Fifth Circuit issued two orders:

- Doc. 346 — denying a stay of mandate and denying reconsideration;
- Doc. 347 — imposing a $500 sanction and prohibiting Petitioner from filing any further motions until the sanction is paid.

Petitioner cannot file any motion for stay, clarification, or correction of the record—even motions directly involving constitutional rights—without first paying $500.

The mandate will issue on November 25, 2025.

This creates a **structural, financial, and jurisdictional barrier** to appellate access and leaves Petitioner with **zero legal remedy** inside the Fifth Circuit.

## II. THE SANCTION FUNCTIONALLY OPERATES AS A COMPLETE BAR TO APPELLATE REVIEW

Doc. 347 states:

"Appellant is PROHIBITED from filing any future motions in this case unless and until all sanctions and fees have been paid."

This order
- blocks Petitioner from filing a stay of mandate;
- blocks Petitioner from challenging the sanction itself;
- blocks Petitioner from correcting factual errors in Docs. 346–347;
- blocks all filings even when the defense defaults;
- forces the mandate through before the Mandamus can be acted upon.

The sanction therefore operates as:

- a financial barrier to Due Process,
- a restraint on access to the appellate process, and
- an obstruction that directly affects this Court's jurisdiction.

## III. THE TIMING OF THE SANCTION CREATES THE APPEARANCE OF RETALIATION

Earlier on November 18, 2025, Petitioner informed Deputy Clerk Rebecca by phone that he was struggling to assemble the $600 filing fee for his Mandamus because of sudden vehicle repair expenses.

Petitioner did not request relief.

He simply stated he was committed to paying the fee **this week**.

Within hours, the panel issued:

- a $500 sanction, and
- a filing bar preventing Petitioner from moving to stay the mandate.

This creates the **unavoidable appearance** that information from the Clerk's Office regarding Petitioner's financial hardship was transmitted internally and used as the basis for punitive action.

## IV. THE FIFTH CIRCUIT HAS MISUSED SANCTIONS AND ADMINISTRATIVE CONTROLS TO BLOCK PROCEDURAL RIGHTS

Across Case No. 24-40585, the record shows:

- misclassification of FRAP 40(d)(1) filings;
- refusal to correct docketing errors;
- denial of all judicial-notice motions containing certified evidence;
- one-sentence blanket denials;
- unexplained delays only when filings contain evidence;
- sanctions without show-cause procedures;
- a filing bar that prevents Petitioner from exercising rules-based rights

These actions mirror the allegations already before this Court in the Mandamus Petition and now directly affect this Court's jurisdiction because the mandate will issue in four days.

## V. DEFENSE DEFAULT ON DOCS. 336 & 337 REMAINS UNADDRESSED

Appellee failed to respond to two filings:

- Doc. 336 — Motion to Strike Appellee's unauthorized Doc. 328
- Doc. 337 — Motion to Take Judicial Notice and Correct Record

Appellee's default is complete.

The panel did not:

- acknowledge the default,
- analyze the motions, or
- address Appellee's unauthorized filing.

Instead, it issued sanctions against Petitioner.

This is further evidence of selective enforcement and procedural obstruction.

## VI. THE MANDATE CANNOT LAWFULLY ISSUE WHILE MANDAMUS REVIEW IS PENDING

A mandate may not issue when:

- an extraordinary writ is pending,
- the appellate process is obstructed,
- sanctions prevent lawful filings,
- constitutional issues remain unresolved,
- and the record contains alleged fraud on the court.

Authority:
- 28 U.S.C. § 1651(a)
- F.R.A.P. 41(d)(2)(B)
- Cheney v. U.S. Dist. Court, 542 U.S. 367 (2004)
- Bankers Life & Cas. Co. v. Holland, 346 U.S. 379 (1953)

## VII. RELIEF REQUESTED

Petitioner respectfully requests that the Court:

1. Stay the mandate in Case No. 24-40585 pending resolution of this Mandamus and retain the ability of Petitioner to enter a Writ Of Certiorari if needed.

2. Suspend the $500 sanction and the filing bar imposed by Doc. 347.

3. Direct the Clerk to accept filings necessary to protect Petitioner's appellate rights without prepayment of sanctions.

4. Order the Fifth Circuit to refrain from further sanctions intended to restrict access to lawful review.

5. Grant any additional relief required to prevent irreparable harm and preserve this Court's jurisdiction.

6. Reinstate and preserve Petitioner's right to seek Supreme Court review by recognizing and incorporating Doc. 336 and the attached draft Petition for a Writ of Certiorari, and by staying the mandate until Petitioner has a fair opportunity to file his certiorari petition under 28 U.S.C. § 1254 and Supreme Court Rule 13.

## VIII. MANDATORY JURISDICTIONAL PRESERVATION STATEMENT

The issuance of the mandate on November 25, 2025 would divest this Court of jurisdiction to act on the pending Mandamus Petition in No. 25-40689. Courts may not permit their jurisdiction to be nullified by administrative acts, sanctions, or procedural maneuvers of a lower tribunal. See Cheney, 542 U.S. at 380–81. Because the panel's sanction order in Doc. 347 prevents Petitioner from seeking relief in the underlying appeal, only this Court's mandamus authority can preserve the status quo. A stay of mandate is therefore mandatory to prevent the destruction of this Court's ability to adjudicate its own jurisdiction.

Respectfully submitted,

Nelson E. Willis
Petitioner, Pro Se
Gainesville, Texas
(972) 533-4126
November 21, 2025

## CERIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g) and Fifth Circuit Rule 32.3, I certify that this filing contains approximately 1600 words, excluding the parts exempted by Rule 32(f). This document complies with the type-volume limitations applicable to motions and supplemental filings under Rule 21.

Executed on November 21, 2025.

/s/Nelson E. Willis
Petitioner, Pro Se

## CERTIFICATE OF SERVICE

I certify that on November 21, 2025, a true and correct copy of this filing was served via the Court's CM/ECF system on all registered counsel of record.

Executed on November 21, 2025.

/s/Nelson E. Willis
Petitioner, Pro Se

# U.S. Circuit Court

## Court of Appeals for the Fifth Circuit

Receipt Date: Nov 21, 2025 10:20AM

Nelson Willis

| Rcpt. No: 470504545 | | Trans. Date: Nov 21, 2025 10:20AM | | | Cashier ID: #DL (6675) | |
|---|---|---|---|---|---|---|
| CD | Purpose | Case/Party/Defendant | Qty | | Price | Amt |
| 203A | Docketing Fee | 25-40689<br>FBO: Nelson Willis | 1 | | 600.00 | 600.00 |

| CD | Tender | | | | | Amt |
|---|---|---|---|---|---|---|
| CC | Credit Card | | | | | $600.00 |
| | | | | Total Due Prior to Payment: | | $600.00 |
| | | | | Total Tendered: | | $600.00 |
| | | | | Total Cash Received: | | $0.00 |

**Comments:** Approval Code: #715413

Only when the bank clears the check, money order, or verifies credit of funds, is the fee or debt officially paid or discharged. A $53 fee will be charged for a returned check.

```
        COURTS/USCOA-5TH
         600 S MAESTRI PL
        NEW ORLEANS,LA,70130
            5043107622

              SALE

                 REF#: 00000001
 Batch #: 325001
                 RRN: 510100001
 11/21/25
                        11:03:34
 AVS: Y
                 CVC: M
 APPR CODE: 715413
 MASTERCARD      Manual CNP
 ***********6933       **/**

 AMOUNT          $600.00

           APPROVED


         CUSTOMER COPY
```